# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1566-20

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

CARLOS LOPEZ, a/k/a
CARLOS J. LOPEZ,

    Defendant-Respondent.

_____

Submitted March 15, 2021 – Decided April 8, 2021

Before Judges Messano and Suter.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Hudson County, Complaint Nos. W-2020-0947-0905, W-2020-0952-0905, W-2020-0954-0905, W-2020-0961-0905, W-2020-0968-0905, W-2020-0969-0905, W-2020-0972-0905, W-2020-0973-0905[1], W-2020-0979-0905, W-2020-0980-0905, W-2020-0982-0905, W-2020-0984-0905, W-2020-2412-0906, W-2020-2603-0906, W-2020-2744-0906, W-2020-0803-0910.

---

[1] Incorrectly listed on the February 4, 2021 Order as W-2020-0974-0905.

Esther Suarez, Hudson County Prosecutor, attorney for appellant (Erin M. Campbell, Assistant Prosecutor, on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The Hudson County Prosecutor's Office appeals the February 4, 2021 orders releasing defendant Carlos Lopez on pre-trial monitoring level (PML) III pending trial and requiring him to comply with the requirements of a long-term residential drug treatment program. We reverse and order defendant's detention pending trial.

In July 2020, defendant was arrested and charged with six offenses under four separate complaint warrants as follows: third-degree burglary, N.J.S.A. 2C:18-2(a)(1) and third-degree receiving stolen property, N.J.S.A. 2C:20-7(a) under complaint warrant W-2020-2744-0906; second-degree aggravated assault, N.J.S.A. 2C:12-1(b) and third-degree criminal restraint, N.J.S.A. 2C:13-2(a) under complaint warrant W-2020-2412-0906; third-degree burglary, N.J.S.A. 2C:18-2(a)(1) under complaint warrant W-2020-2603-0906; and fourth-degree attempted burglary, N.J.S.A. 2C:5-1(a)(1) and N.J.S.A. 2C:18-2(a)(1) under complaint warrant W-2020-0803-0910. All of these charges arose from offenses

that occurred from March to July 2020.  Defendant is alleged to have stolen a motor vehicle while it was being unloaded and to have punched a victim in the face with his fist, causing lacerations.  He is accused of breaking a car window and stealing a purse from the vehicle, and breaking the window of an apartment and taking packages from the apartment.

The State requested pre-trial detention, but on July 29, 2020, defendant was released on PML III+ monitoring with home detention, but with an exception to go to work.  He was ordered not to commit any new offenses.

In November 2020, defendant was arrested for third-degree burglary, N.J.S.A. 2C:18-2(a)(1) and theft, N.J.S.A. 2C:20-7(a), under complaint warrant W-2020-0947-0905.  It is alleged he was still in possession of the stolen items when arrested.

The State's motion for pre-trial detention relative to this charge was heard by a different judge, who granted pre-trial detention on December 1, 2020, noting defendant's public safety assessment (PSA) score was an elevated 5/6, that defendant allegedly committed these offenses while on the highest level of pre-trial monitoring without the use of an electronic monitoring device, and that pre-trial services recommended his detention.

A-1566-20

The State then charged defendant with additional offenses under eleven more complaint warrants, all of which offenses allegedly were committed by defendant while he was on PML III+ monitoring on home detention during October through November 2020. The complaint warrants include: W-2020-0952-0905; W-2020-0954-0905; W-2020-0961-0905; W-2020-0968-0905; W-2020-0969-0905; W-2020-0972-0905; W-2020-0973-0905; W-2020-0979-0905; W-2020-0980-0905; W-2020-0982-0905; W-2020-0984-0905. The warrants are for numerous counts of burglary, N.J.S.A. 2C:18-2(a)(1); conspiracy to commit burglary, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:18-2(a)(1); theft, N.J.S.A. 2C:20-3(a); and criminal mischief, N.J.S.A. 2C:17-3(a)(1).[2] They allege that defendant pried open vestibule doors and took

_____

[2] These include: burglary, N.J.S.A. 2C:18-2(a) under complaint warrant W-2020-0969-0905; burglary, N.J.S.A. 2C:18-2(a) and theft N.J.S.A. 2C:20-3(a) under complaint warrant W-2020-0984-0905; burglary, N.J.S.A. 2C:18-2(a) under complaint warrant W-2020-0972-0905; burglary, N.J.S.A. 2C:18-2(a) and conspiracy to commit burglary, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:18-2(a), under complaint warrant W-2020-0952-0905; burglary, N.J.S.A. 2C:18-2(a) and conspiracy to commit burglary, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:18-2(a) under complaint warrant W-2020-0982-0905; burglary, N.J.S.A. 2C:18-2(a), under complaint warrant W-2020-0968-0905; burglary, N.J.S.A. 2C:18-2(a), under complaint warrant W-2020-0961-0905; burglary, N.J.S.A. 2C:18-2(a), under complaint warrant W-2020-0979-0905; and three counts of burglary, N.J.S.A. 2C:18-2(a), three counts of conspiracy to commit burglary, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:18-2(a) and three counts of theft, N.J.S.A. 2C:20-3(a), under complaint warrant W-2020-0980-0905; burglary, N.J.S.A. 2C:18-

4                                                                                    A-1566-20

packages, stole bicycles from garages and elsewhere, and stole many other packages from residential buildings, mail rooms or lobbies.

The State filed a new motion for pre-trial detention based on these additional charges even though defendant was still detained on the prior four complaint warrants. In granting the State's motion on December 16, 2020, the court noted defendant was on the highest level of monitoring when he allegedly committed these offenses, and that this would violate the court's prior order, defendant's PSA score was high, indicating he might not appear or he might commit new offenses, some of the alleged offenses were videotaped, his criminal history included fifteen prior disorderly persons offenses and seven prior indictable convictions and pre-trial services recommended against his release.

The State filed a motion to revoke the prior order of release that was entered by the first judge on July 29, 2020. The court granted this motion on January 8, 2020, finding based on the new complaint warrants that defendant

---

2(a), conspiracy to commit burglary, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:18-2(a) and theft, N.J.S.A. 2C:20-3(a), under complaint warrant W-2020-0973-0905; and burglary, N.J.S.A. 2C:18-2(a), conspiracy to commit burglary, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:18-2(a), and criminal mischief, N.J.S.A. 2C:17-3(a)(1), under complaint warrant W-2020-0954-0905.

allegedly committed other offenses while on pre-trial release. The orders noted the defense consented to detention.

Relevant here, on January 27, 2021, defendant filed a motion to reopen the detention hearing based on his acceptance into a long-term residential drug treatment program.[3] Although the assistant prosecutor expressed that the program was a community reintegration program, the court clarified that the program was a long-term inpatient residential drug treatment program and not a reintegration program. The record includes a letter from Integrity House dated January 22, 2021, advising that defendant was scheduled for admission although the program also reserved the ability to deny admission for certain conditions not reported or evident during its pre-screening.

The motion to reopen was heard on February 4, 2021. Defense counsel advised the court the long-term program required four to six months of inpatient treatment. Defense counsel argued that many of defendant's alleged offenses were characteristic of persons with substance abuse issues and defendant's attendance would help assure his appearance and protect the community.

In ordering release, the trial court found that "the existence of a bed in a long-term residential inpatient drug rehabilitation program . . . does qualify, as

---

[3] This was not included in the record for our review.

new evidence sufficient to satisfy the burden . . . borne by the defendant to reopen a hearing." The court noted this information "was not available at the original detention hearing . . . ." The court found this materially related to the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26, because if defendant resolved his drug problem it was "unlikely that he will continue the crime spree that he was on to support the habit." Although defendant had many open charges, the court found these were the type of offenses normally associated with people who have drug issues. The court warned defendant that if he did not complete the program, he would be detained pre-trial.

The court's initial order on February 4, 2021, reopened defendant's detention and released him on PML III with the requirement he comply with the "reintegration program." The second order entered on February 4, 2021, granted release on PML III monitoring conditioned on defendant's compliance with the conditions of Integrity House's long-term residential drug treatment program. A third order on February 4, 2021, stayed the pre-trial release of defendant pending appeal.

On February 10, 2021, the court heard argument on reconsideration of the stay. The court denied reconsideration finding the State had a legitimate interest in filing an appeal. The court also asked the parties to clarify if the offense in

7

complaint warrant "2020-1007" occurred after defendant was subject to PML III monitoring.[4]

We granted the State's motion for leave to appeal, entered an order staying defendant's release, asked for additional briefing, and accelerated the appeal.

On appeal, the State argues that,

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE STATE'S MOTIONS FOR PRETRIAL DETENTION AND TO REVOKE RELEASE.

The State argues the trial court abused its discretion by reopening defendant's detention hearing because his acceptance into a long-term residential treatment program could not have changed the result of the prior detention hearing. The State contends defendant's addiction and willingness to obtain treatment was not new and could have been raised at the prior detention hearing. Defendant was not detained until November 2020 and there is no information he sought treatment from July, when he was released, to November, when he was arrested, nor explanation for the delay. Defendant repeatedly violated court orders. The State contends the court abused its discretion in

---

[4] This was to be determined on February 17, 2020. We were not advised of the outcome is this complaint warrant part of this appeal.

ordering defendant's release because there are no conditions that could be set to achieve the goals of the CJRA.

We review a court's "pretrial detention decisions under the [CJRA]" under an abuse of discretion standard. State v. S.N., 231 N.J. 497, 500 (2018). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571, (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

A detention hearing can be reopened where there is a material change in circumstances. N.J.S.A. 2A:162-19(f) provides,

> The hearing may be reopened, before or after a determination by the court, at any time before trial, if the court finds that information exists that was not known to the prosecutor or the eligible defendant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the eligible defendant's appearance in court when required, the protection of the safety of any other person or the community, or that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process.

"Section 19(f) thus presents a path for individual defendants to argue against continued detention when (1) there is new information, or a change in

circumstances, (2) that is material to the release decision." IMO Request to Release Certain Pretrial Detainees, __ N.J. __, __ (2021) (slip op. at 25). Under the statute, new information is something that was not known at the time of the hearing.

The Supreme Court recently observed that the question of materiality "will vary by defendant and turn on the particular facts of the case." Ibid. The Court held "[t]he critical question at a hearing that is reopened is not whether the initial detention decision was correct, but whether the circumstances at the time of the later hearing warrant a defendant's continued detention. In the words of the statute, does the new information have a 'material bearing' on the standard that governs release decisions?" Ibid. In IMO Release, the Court listed various factors to consider related in part to delays caused by the Covid 19 pandemic. IMO Request to Release Certain Pretrial Detainees, __ N.J. __, __ (2021) (slip op. at 26-31). A court must "examine whether there is a reasonable possibility -- not probability -- that the result of the [detention] hearing would have been different had the" new information been disclosed at the time of the initial detention hearing. State v. Hyppolite, 236 N.J. 154, 166 (2018).

Applying these principles, we conclude the trial court misplaced its discretion by reopening the detention hearing and ordering pre-trial release. We consider first whether there was a basis under the statute to reopen the hearing.

Defendant was accepted into a long-term drug treatment program in January 2021. This appears to be new information that was not known by the prosecutor or defendant and was not considered at the December 1, 2020 hearing. This satisfies the first part of the statute.

To reopen a detention hearing, the new information needs to have a material bearing on the standards that govern release. Here, the trial court that released defendant made assumptions that were not supported by the record. Defendant already was on the highest level of PML monitoring. Despite a court order that required defendant not to commit new offenses, he has been charged with multiple offenses that occurred while he was on the highest level of monitoring. The court assumed that defendant's alleged crime spree was motivated by his drug use. There was no evidence of this in the record provided us. Defendant's counsel offers this only as a possible explanation for defendant's alleged conduct. Next the judge assumed that the long-term residential program would somehow provide closer monitoring of defendant than the highest level of monitoring provided by our criminal justice system. The record does not

11

support this. Defendant amassed many charges while on PML III+ monitoring. There is no explanation how the long-term program would be an improvement on PML III+ or how he would be monitored. Thus, the record did not support the materiality component under N.J.S.A. 2A-162-19(f). Defendant did not show that his participation in this program would have made a difference at the pre-trial detention hearing in December 2020.

Even if the criteria for reopening the detention hearing were presented, there was a misapplication of discretion on the facts of this case by ordering pre-trial release. Defendant scored a 5/6 on his PSA. Pretrial services recommended against release. Defendant has a criminal record consisting of fifteen disorderly persons offenses, seven prior indictable offenses including a second-degree escape from detention and a fourth degree resisting arrest, and three "violence" convictions including simple assault, stalking and robbery. Defendant failed to appear in court ten times. His PSA from December 7, 2020 listed thirty-nine current charges and thirteen pending charges at the time of the offenses. Defendant was facing a No Early Release type charge and possible sentencing as a persistent offender. All of the thirty-nine charges occurred after his release on the highest form of monitoring. Thus, release to the long-term drug treatment program — in this instance, for this defendant — does not serve the purposes of

12

the CJRA. On this record, there was clear and convincing evidence that no amount of monetary bail, non-monetary conditions of pretrial release or combination of monetary bail and conditions would reasonably assure the protection of the safety of the community, considering the nature and circumstance of the offenses charge, the weight of the evidence against defendant, the history and characteristics of defendant, the seriousness of the danger to the community posed by his release. N.J.S.A. 2A:162-20(a)-(f).

The orders releasing defendant are reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1566-20